**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

In re: BELLINGHAM INSURANCE
AGENCY, INC.,

            Debtor,

_____

A.R.I.S.; NICHOLAS ARTHUR
PALEVEDA,

            Appellants,

  v.

PETER H. ARKISON, Chapter 7 Trustee;
BELLINGHAM INSURANCE AGENCY,
INC.; CHARLES P. FARRINGTON,

            Appellees.

No. 09-60022

BAP No. WW-08-1149-MkMoJu

MEMORANDUM*

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Montali, Chief Bankruptcy Judge, and Markell and Jury, Bankruptcy Judges,
Presiding

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted December 11, 2009
San Francisco, California

Before: BEEZER, GOULD and TALLMAN, Circuit Judges.

Petitioner-Appellant Nicholas Paleveda ("Paleveda") appeals from the judgment of the Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") affirming a federal bankruptcy court's order directing the disbursement of funds accruing under an Independent Management Organization Agreement ("IMO Agreement") with Lafayette Life Insurance Company ("Lafayette") to Charles Farrington ("Farrington"). We have jurisdiction under 28 U.S.C. § 158(d), and we affirm.

We review decisions of the BAP de novo and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *In re Boyajian*, 564 F.3d 1088, 1090 (9th Cir. 2009). We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *In re Salazar*, 430 F.3d 992, 994 (9th Cir. 2005).

The bankruptcy court determined that Paleveda's claim was precluded by the prior judgment of the Superior Court of Washington for Whatcom County. Where the issue preclusion effects of a Washington state court judgment are raised, we

apply the state of Washington's issue preclusion law. *See Diruzza v. County of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003). An issue is precluded by a Washington state court judgment where (1) the issue is identical to an issue resolved in the state court judgment, (2) the state court judgment was a final judgment on the merits, (3) the party against whom preclusion is asserted was a party to, or in privity with, a party to the prior proceeding, and (4) preclusion will not "work an injustice" on the party against whom it is applied. *Hadley v. Maxwell*, 27 P.3d 600, 602 (Wash. 2001). The issue must also have been actually litigated and necessarily decided in the prior proceeding. *In re Disciplinary Proceeding Against Botimer*, 214 P.3d 133, 139 (Wash. 2009).

We conclude that issue preclusion bars Paleveda's claim to any funds generated under the IMO Agreement with Lafayette. We review each of the factors relevant under Washington law in turn:

First, the Washington state court's judgment is a final judgment on the merits for purposes of issue preclusion. *See Riblet v. Ideal Cement Co.*, 358 P.2d 975, 977 (Wash. 1961).

Second, the issue that was presented before the bankruptcy court is identical to the issue decided in the arbitration award, which was incorporated by reference into the state court's judgment confirming the award. The arbitration award states

3

that Farrington never assigned to PFP Plan Administrators, Inc. ("PFP") his claim to any funds accumulating under the IMO Agreement with Lafayette. Because the terms of the IMO Agreement designate only one "Independent Management Organization" ("IMO") to receive commissions, the arbitrator's decision necessarily determined that Farrington is the IMO under the IMO Agreement and that Farrington is therefore entitled to receive all commissions generated under that agreement.

Third, this issue was actually litigated and necessarily decided in the arbitration proceeding. The dispute over funds accumulating under the IMO Agreement with Lafayette was presented to the arbitrator in Farrington's pre-arbitration memorandum and again by Farrington's counsel in the arbitration proceeding. Both Farrington and PFP introduced evidence on the issue.

Fourth, the party against whom issue preclusion is asserted was a party to the prior proceeding: Debtor Bellingham Insurance Agency, Inc. ("Bellingham") is the successor-in-interest to PFP, and PFP participated in the arbitration and in the Washington state court proceedings.

Finally, it is not an injustice to award the funds to Farrington. PFP, Bellingham, and Paleveda had a fair opportunity to challenge the arbitration proceeding in the Washington state court system. Moreover, Bellingham's

bankruptcy trustee conducted an independent investigation and determined that Farrington is entitled to the funds.

Because the issue of entitlement to the Lafayette funds was conclusively decided in the state court arbitration proceeding, issue preclusion also bars Paleveda's challenge to the arbitration award on the basis of Farrington's alleged breach of fiduciary duty and the arbitrator's alleged conflict of interest.

Finally, even if we were to hold that the arbitration award did not decide the Lafayette funds issue now before us, the bankruptcy court's determination that Farrington is entitled to the funds was not clearly erroneous. The bankruptcy court considered all evidence submitted by both parties, independently analyzed the IMO Agreement, and made the same determination as the arbitrator that it was executed in Farrington's individual capacity. The bankruptcy court also found that the 1099 forms filed by Lafayette were persuasive that Lafayette considered Farrington the IMO under the IMO Agreement, and it was not error for the bankruptcy court to give this evidence significant weight. The bankruptcy court was also entitled to rely on the arbitrator's award, which indicates that the arbitrator found persuasive

Farrington's claim to at least some of the Lafayette funds, and to rely on the bankruptcy trustee's independent determination that Farrington was entitled to the Lafayette funds.

**AFFIRMED.**